FILED

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

2012 AUG 27  PM 2:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

UNITED STATES DISTRICT COURT    **FAX FILING**

CENTRAL DISTRICT OF CALIFORNIA

**CV12-7350 GW (JEMx)**

SHENIQUE ROUTÈ, individually and on behalf
of all others similarly situated,

                                     Plaintiff,

        v.

MEAD JOHNSON NUTRITION COMPANY,
d/b/a MEAD JOHNSON & COMPANY, LLC,

                                     Defendant.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

1    Plaintiff Shenique Routé ("Plaintiff"), by her attorneys, makes the following allegations

2  pursuant to the investigation of her counsel and based upon information and belief, except as to the

3  allegations specifically pertaining to herself and her counsel, which are based on personal

4  knowledge.

5                              **NATURE OF THE ACTION**

6         1.     This is a class action against Mead Johnson Nutrition Company, d/b/a Mead

7  Johnson & Company, LLC ("Mead Johnson" or "Defendant") for falsely and misleadingly

8  representing on product labels and in its nationwide marketing and advertising campaigns that

9  Enfamil Premium Newborn formula, Enfamil Premium Infant formula, Enfamil A.R. for Spit-Up

10  Infant formula, and Enfagrow Premium Older Toddler Vanilla Milk Drink products (hereinafter

11  collectively referred to as "Enfamil" or the "Mislabeled Products") contain prebiotics that provide

12  immunity-related health benefits for babies and young children.[1]  In fact, the Mislabeled Products

13  do *not* "support your baby's developing immune system" as advertised.

14        2.     Mead Johnson's labeling, marketing and advertising represents that the Enfamil

15  Mislabeled Products  (a) include "Natural Defense Dual Prebiotics designed to help support your

16  baby's natural defenses," (b) are "designed to act more like breast milk by promoting the growth of

17  beneficial bacteria throughout more of his digestive tract," (c) "provide[] complete nutrition that

18  has been proven to promote healthy growth similar to breastfed babies through 12 months," (d)

19  include "prebiotics" that "feed the good bacteria, found naturally in the digestive tract – where 70%

20  of your baby's immune system is located.  And emerging science suggests prebiotics may support

21  your baby's developing immune system," (e) include "Triple Health Guard," "a clinically proven

22  formula to promote growth, to improve brain and eye development, and to support the immune

23  system too," (f) "provide[] your baby complete nutrition at every feeding in a formula designed to

24  help support his immune system," (g) "improve[] respiratory health and immune outcomes," (h)

25  "support[] your baby's developing immune system," (i) have "Natural Defense Dual Prebiotics for

26  digestive health and provide[] three proven benefits:  growth, brain & eye, and immune system

27  _____

28  [1] "Prebiotics" are carbohydrates that purportedly feed so-called beneficial bacteria in the intestinal tract.

development," (j) "designed to act more like breast milk than our previous formula, our proprietary dual prebiotic blend is designed to work throughout the digestive tract," (k) "help[] support a healthy immune system," (l) contain "Natural Defense Dual Prebiotics Blend – designed to foster the growth of beneficial bacteria throughout the large intestine,"(m) contain "Natural Defense Dual Prebiotics Blend, designed to help support digestive health," (n) contain "Clinically Proven Triple Health Guard – Growth, Brain & Eye, Immune System,"  and (o) has a "NEW Formulation" that "Includes Natural Defense Dual Prebiotics Blend for digestive health" (hereafter, the "Express Warranties" or the "Misrepresentations").  However, the Express Warranties are false, misleading, and unsubstantiated.

3.      Defendant touts the inclusion of prebiotics in the Mislabeled Products, including its trademarked "Natural Defense Dual Prebiotics," as a marketing tool to induce consumers to purchase more of its product without regard to whether the prebiotics actually deliver any of the health benefits as advertised.  Indeed, Defendant's marketing strategy of including the words "Natural Defense" in its proprietary trademarked prebiotic blend highlights a primary purported benefit of the Mislabeled Products —that is, the support of a baby or infant's immune system— which is the Mislabeled Products' distinguishing feature from other formula and a deceptive marketing hook.  In fact, Enfamil's "Natural Defense Dual Prebiotics" do not provide health benefits as represented and certainly are not "proven" to do so.

4.      Moreover, there is no competent and reliable scientific evidence supporting the Misrepresentations, and any purported link between immune response and prebiotics in the Mislabeled Products is entirely speculative.

5.      Defendant also claims that the Mislabeled Products act "like breast milk" and provide "complete nutrition that has been proven to promote healthy growth similar to breastfed babies."  However, experts agree that breast milk is immeasurably superior to baby formula in terms of infant nutrition and other health benefits.  Therefore, it is misleading for Defendant to advertise the Mislabeled Products as similar to breast milk when formula cannot provide anywhere near the level of benefits provided by breast milk.

6.      Defendant conveyed and continues to convey to Plaintiff and other consumers false, misleading and unsubstantiated health claims about the Mislabeled Products in prominent and conspicuous fashion on its product labels and in its multi-media marketing and advertising campaigns, including on the Internet and in point-of-sale displays.

7.      Defendant sells the Mislabeled Products at a premium over predecessor and other formulas that do not contain prebiotics.  However, the Mislabeled Products are ultimately worth less than their purchase price because of the Misrepresentations.

8.      Plaintiff is a purchaser of Enfamil who asserts claims for violation of the Magnuson-Moss Act, for breach of express warranty, for breach of implied warranty of merchantability, for violation of California's Consumers Legal Remedies Act, for violation of California's Unfair Competition Law, for violation of California's False Advertising Law, and for unjust enrichment on behalf of herself and similarly situated purchasers of Enfamil.

## PARTIES

9.      Plaintiff Shenique Routé is a citizen of California who resides in Los Angeles County, California.  On or about November of 2011, Ms. Routé purchased Enfamil Premium Infant formula from a Target retail store in Los Angeles County.  Ms. Routé purchased Enfamil in reliance on Defendant's Misrepresentations, including those in its advertisements and labeling that Enfamil was "more like" breast milk and contained prebiotics that provide immunity-related health benefits that other brand formulas do not.   Ms. Routé would not have purchased and paid a premium for Enfamil but for Defendant's misrepresentations, and she suffered injury in fact and lost money as a result of Defendant's deceptive, unfair, and fraudulent practices described herein.

10.     On or about April 5, 2012, prior to filing this action, Ms. Routé, by and through her counsel, provided Defendant Mead Johnson with written notice of her claims pursuant to 15 U.S.C. § 2310(e) and California Civil Code § 1782.  Ms.  Routé also notified Mead Johnson that she was acting on behalf of a class defined as all persons in the United States who purchased Enfamil, and a subclass of class members who purchased Enfamil in California.  This notification is attached hereto as Exhibit A.

11.     Defendant Mead Johnson Nutrition Company, d/b/a Mead Johnson & Company, LLC, is a Delaware corporation with its principal place of business located at 2701 Patriot Boulevard, Fourth Floor, Glenview, Illinois 60026.  Mead Johnson is registered with the California Secretary of State to do business in California.

12.     Mead Johnson has manufactured, marketed, and sold Enfamil using the deceptive, false, misleading, and unsubstantiated claims described herein since at least 2010.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff and most members of the proposed class are citizens of states different from the state of Defendant.

15.     This Court has personal jurisdiction over Mead Johnson because Mead Johnson Nutrition Company is registered with the California Secretary of State to conduct business within California, intentionally avails itself of the markets in California through the promotion, marketing, and sale of merchandise, and conducts substantial business within California such that Mead Johnson has significant continuous and pervasive contacts with the State of California sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

16.     Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to these claims occurred in this District and because the Court has personal jurisdiction over Mead Johnson.

## FACTUAL ALLEGATIONS

### A.     Mead Johnson's Deceptive Marketing

17.     The American Academy of Pediatrics ("AAP") is the preeminent authoritative resource for parents and pediatricians when it comes to issues relating to pediatric health.  The

AAP recommends breast milk as the main source of a baby's nutrition for the first six months of its life and further emphasizes that breastfeeding should be continued for at least the first year. The AAP states that the advantages of breastfeeding include "health, nutritional, immunologic, developmental, psychological, social, economic, and environmental benefits."

18.     Because experts unanimously agree that breast milk is simply best for infants, it is deceptive for Defendant to market Enfamil as a near-equivalent of breast milk. However, to generate more sales, Defendant falsely claims through its marketing and advertising campaigns and package labeling that the Mislabeled Products possess nutritional qualities that are nearly equivalent to those of breast milk.

19.     Defendant also claims that the prebiotics it adds to the Mislabeled Products are "designed to act more like breast milk." In truth, experts agree that breast milk is immeasurably superior to formula in terms of infant nutrition and offers innumerable health benefits to infants. It is misleading for Defendant to claim that Enfamil acts "like breast milk" when infant and follow-on formula cannot provide anywhere near the level of benefits offered from breastfeeding.

20.     Defendant's marketing, advertising and packaging claims imply that there is a proven scientific basis to support the purported health claims in the Express Warranties that are linked to the inclusion of prebiotics in the Mislabeled Products. But this is false. Well-developed studies simply have not reliably demonstrated the efficacy of prebiotic supplementation of formula.

21.     The label for each of the Mislabeled Products prominently features in large type, the false and misleading phrase, "Natural Defense Dual Prebiotics." Another label deceptively states, "Enfamil PREMIUM Infant now includes Natural Defense Dual Prebiotics. This prebiotic blend is designed to act more like breast milk by promoting the growth of beneficial bacteria throughout more of his digestive tract than our previous blend." A true and correct copy of the packaging for some of the Mislabeled Products is attached hereto as Exhibit B.

22.     Mead Johnson also maintains a website at www.enfamil.com for the purposes of marketing the Mislabeled Products. Mead Johnson falsely claims on its website that the Mislabeled Products support babies' immune systems. For example:

Enfamil PREMIUM Infant formula is clinically proven to improve brain and eye development in babies up to 12 months.  And it also provides the nutrients needed for healthy physical growth and development, including Natural Defense Dual Prebiotics to support the immune system.  Designed to act more like breast milk than our previous formula, our proprietary dual prebiotic blend is designed to work throughout the digestive tract.

Our dual prebiotic blend is designed to work longer in the digestive tract for more complete support compared to our previous formula.

Prebiotics feed the good bacteria, found naturally in the digestive tract – where 70% of your baby's immune system is located.  And emerging science suggests prebiotic [sic] may support your baby's developing immune system.  With Enfamil PREMIUM Infant you can give infant nutrition designed to help support your baby's natural defenses.[2]

23.     Mead Johnson's false and misleading immune support claim is similarly incorporated into the advertising for all of the Mislabeled Products.  Mead Johnson conveyed and continues to convey its deceptive claims about the Mislabeled Products through a variety of media, including television, newspapers, magazines, direct mail, the Internet, point-of-sale displays, and on the products' labels and labeling.  For example, in a Google search for "infant formula," Mead Johnson's Enfamil PREMIUM infant is prominently displayed in a paid listing on the results page. Consumers who click on the link are led directly to the Enfamil website indicated above, which highlights false and misleading immune-related health claims like, "[p]rovides Natural Defense Dual Prebiotic blend designed to help support your baby's immune system."

24.     Mead Johnson's misleading marketing campaign incorporates deceptive names like "Triple Health Guard" and "Natural Defense Dual Prebiotics," which Mead Johnson describes as "[d]esigned to act more like breast milk… our proprietary dual prebiotic blend is designed to work throughout the digestive tract."  The advertisement continues, "[p]rebiotics feed the good bacteria, found naturally in the digestive tract — where 70% of your baby's immune system is located. And emerging science suggests prebiotic may support your baby's developing immune system. With Enfamil PREMIUM Infant you can give infant nutrition designed to help support your baby's natural defenses."  These scientific-sounding names and terms falsely suggest that the Mislabeled

---

[2] http://www.enfamil.com/app/iwp/enf10/content.do?dm=enf&id=/Consumer_Home3/Infants/EnfamilPremiumInfant&iwpst=B2C&ls=0&csred=1&r=3511542244 (last visited July 18, 2012).

Products deliver the specific health benefits advertised.  Mead Johnson's exhaustive marketing campaign builds on this deception.

25.     The label for Enfamil Premium Infant Formula includes claims that it contains "Natural Defense Dual Prebiotics," that "Enfamil Premium Infant now includes Natural Defense Dual Prebiotics.  This prebiotic blend is designed to act more like breast milk by promoting the growth of beneficial bacteria throughout more of his digestive tract than our previous formulation," that it "supports your baby's developing immune system," that it contains "Clinically Proven Triple Health Guard – Growth, Brain  & Eye, Immune System," and that "Enfamil Infant Has Natural Defense Dual Prebiotics for digestive health and provides three proven benefits:  growth, brain & eye, and immune system development."

26.     The label for Enfamil Premium Newborn formula includes claims that it contains "Natural Defense Dual Prebiotics," that it has "Triple Health Guard" that "Helps Support Growth, Brain & Eye, Immune System," that "[b]abies' digestive tracts are home to approximately 70 percent of their immune systems.  Emerging science suggests prebiotics may support your baby's developing immune system by feeding the good bacteria found naturally in the digestive tract. With Enfamil Premium Newborn, you can give your baby a formula that includes the Natural Defense Dual Prebiotic Blend, designed to help support your babies' natural defenses.  This dual prebiotic blend is designed to work throughout the digestive tract for more complete support compared to previous Enfamil formulas," and that it contains "[a] blend of antioxidants, DHA, ARA and prebiotics designed to help support your baby's immune system."

27.     The label for Enfagrow Premium Older Toddler Vanilla Milk Drink includes claims that it has "Triple Health Guard" that "Helps Support Growth, Brain & Eye, Immune System," that it includes "Natural Defense Dual Prebiotics Blend," and that "Enfagrow Premium Older Toddler has our Natural Defense Dual Prebiotics Blend, designed to help support digestive health."

28.     The label for Enfamil A.R. for Spit-Up Infant Formula includes claims that it is a "NEW Formulation" that "Includes Natural Defense Dual Prebiotics Blend," that it has "Triple Health Guard" that "Helps Support Growth, Brain & Eye, Immune System," that it "Includes

Natural Defense Dual Prebiotics Blend for digestive health," and that "This exclusive formula is available only from the Enfamil brand."

29.     Mead Johnson's marketing, promotion, and labeling of the Mislabeled Products includes numerous false and misleading claims concerning the Mislabeled Products' efficacy. These false and deceptive claims, which are enumerated in the Express Warranties and further discussed in detail above, are likely to mislead consumers acting reasonably under the circumstances into believing that Mead Johnson's Mislabeled Products are near-equivalent to breast milk, and that their use will result in superior immune function and digestive health.

30.     Mead Johnson leverages its false and deceptive marketing message that the Mislabeled Products provide immune benefits to sell the Mislabeled Products at a premium over predecessor and regular formulas that do not contain "Triple Health Guard" with "Natural Defense Dual Prebiotics."

**B.     The Mislabeled Products Do Not Support Babies' Immune Systems**

31.      There is no competent or credible evidence that the Mislabeled Products support or benefit a baby's immune system.  In fact, there is no competent or credible evidence that the Mislabeled Products have any prebiotic effect at all.

32.     Importantly, several studies referenced by Defendant as supporting the immunity claims on the Mislabeled Products do just the opposite.  For example, Boehm and Moro, Structural and Functional Aspects of Prebiotics Used in Infant Nutrition, Journal of Nutrition (2008) (attached to a letter sent by counsel for Mead Johnson to Plaintiff's counsel on June 4, 2012 in response to Plaintiff's letter of April 5, 2012) does not even address the specific prebiotic ingredients in Mead Johnson's proprietary "Natural Defense Dual Prebiotics."  Moreover, as a general matter, the study concludes "long term studies are needed to test the hypothesis that the influence of dietary factors on the immune system early in life might have beneficial consequences later in life."  Thus, no immunity benefits were definitively extrapolated, and there was no proven scientific support for the purported health claims in the Express Warranties that are linked to the inclusion of prebiotics in the Mislabeled Products.

33.     Similarly, a monograph published by Mead Johnson in 2009 commissioned expressly to support the Mislabeled Products' health claims, Prebiotics in Infant Nutrition, edited by Sharon Donovan, Glenn Gibson, and David Newberg, concludes that "more studies are needed to understand the conditions under which prebiotic formula ingredients can positively influence infant growth and development."  Again, no particular immunity benefits were extrapolated, and the monograph does not address the specific prebiotic ingredients in Mead Johnson's proprietary "Natural Defense Dual Prebiotics."  Moreover, there was no proven scientific support for the purported health claims in the Express Warranties that are linked to the inclusion of prebiotics in the Mislabeled Products.

34.     Upon information and belief, Mead Johnson has never studied and obtained scientifically proven results about the immunological effect on newborns, infants, or toddlers of the specific blend of ingredients that make up its proprietary "Natural Defense Dual Prebiotics"

35.     Importantly, **the AAP does not recommend routine usage of probiotics and prebiotics based on inadequate supporting research**.

36.     In December 2010, the AAP issued a new clinical report, "Probiotics and Prebiotics in Pediatrics," in which the AAP reviewed the evidence surrounding the use of probiotics and prebiotics for children.[3]  The AAP concluded that "Probiotics or prebiotics added to infant formula and other foods marketed for use in children do not appear to be harmful to healthy infants and children, but the clinical efficacy for their addition is insufficient to recommend their routine use in these formulas."[4]

37.     With respect to prebiotics, the AAP wrote: "more research is needed before such recommendations for the use of prebiotics in infant formula can be made;" "There is a paucity of RCTs examining prebiotics in children;" and "more information, including data from RCTs, is needed before the efficacy of adding prebiotics to infant formulas can be determined."[5]

---

[3]     D. Thomas, *et al*., *Clinical Report -Probiotics and Prebiotics in Pediatrics*, PEDIATRICS Vol. 126, No. 6 (Dec. 2010).

[4]     *Id.*

[5]     *Id.*

38.     Similarly, the International Association of Infant Food Manufacturers concluded after a review of the available scientific research that "data are still not conclusive as far as the global health effects of prebiotics."[6]

39.     The Committee on Nutrition of the European Society of Pediatric Gastroenterology, Hepatology and Nutrition ("ESPGHAN") also concluded that more studies are required to establish the safety and efficacy of probiotic and prebiotic products in children.[7]

40.     Most recently, a review of the available scientific research was completed and concluded: "Routine application of probiotic- and/or prebiotic-supplemented formulae is not recommended and certain parameters such as mechanisms, optimal doses and intake durations, as well as long-term safety of these products require extensive clinical trials.  A standard methodology for assessing the intestinal flora should be formulated and its adoption must be made mandatory for conducting related studies to arrive upon a conclusive result."[8]

41.     Defendant's false and misleading claims about the Mislabeled Products' immune-related health benefits are in violation of federal law and regulations.

42.     Federal law allows for statements of nutritional support referring to representations about a dietary supplement's effect on the structure or function of the body for maintenance of good health and nutrition – so-called structure/function claims – without FDA authorization.  But structure/function claims are allowed only if the manufacturer has substantiation that the claim is truthful and not misleading, and also prominently displays a Dietary Supplement Health Education Acts ("DSHEA") disclaimer: "This statement has not been evaluated by the Food and Drug Administration.  This product is not intended to diagnose, treat, cure, or prevent any disease." Moreover, a structure/function claim may not "claim to diagnose, mitigate, treat, cure or prevent a specific disease or class of diseases."  *See* Dietary Supplement Health Education Act ("DSHEA"), 21 U.S.C. § 343I(6).

---

[6]       International Association of Infant Food Manufacturers, *Prebiotics in Infant Nutrition* (December 2004), available at http://www.ifm.net/industry/prebiotics.htm (last accessed Feb. 20, 2012).
[7]       ESPGHAN Committee on Nutrition, *Supplementation of Infant Formula With Probiotics and/or Prebiotics: A Systematic Review and Comment by the ESPGHAN Committee on Nutrition* (Aug. 8, 2010).
[8]       S. Sarkar, *Probiotics, Prebiotics and Synbiotics for Infant Feeding – A Review*, S1, J. MICROBIAL BIOCHEM. TECHNOL. (2011).

43.     The Mislabeled Products' labeling and advertising makes structure/function claims related to the Natural Defense Dual Prebiotics and the properties of the Mislabeled Products – i.e., that they support the immune system – but the labeling on the Mislabeled Products does not display the DSHEA disclaimer.  Further, based on the investigation of Plaintiff's counsel, the Mislabeled Products do not in fact provide immune support as advertised, and Defendant does not have the requisite substantiation that their claims about the ability of the Mislabeled Products to support the immune system are not false and misleading.  Therefore, Defendant's claims that the Mislabeled Products provide immune support violate federal law.

C.      **Plaintiff's Claims Against Defendant Mead Johnson**

44.     Plaintiff is a resident of California who purchased Enfamil Premium Infant formula with Natural Defense Dual Prebiotics, believing that it, unlike other infant formulas, would act like breast milk and provide immune system support and development for her child.

45.     Plaintiff relied upon and was misled by Defendant's Misrepresentations about Enfamil Premium Infant formula.  The false claims relied upon by Plaintiff include but are not limited to the claims the product contains "Natural Defense Dual Prebiotics," that "Enfamil Premium Infant now includes Natural Defense Dual Prebiotics.  This prebiotic blend is designed to act more like breast milk by promoting the growth of beneficial bacteria throughout more of his digestive tract than our previous formulation," that it "supports your baby's developing immune system," that it contains "Clinically Proven Triple Health Guard – Growth, Brain  & Eye, Immune System," and that "Enfamil Infant Has Natural Defense Dual Prebiotics for digestive health and provides three proven benefits:  growth, brain & eye, and immune system development."

46.     Plaintiff relied on these Misrepresentations in her decision to purchase Enfamil Premium Infant.  Because Enfamil's representation about the health benefits of the prebiotics in its formula were false, Plaintiff's expectations were not met.

47.     Defendant's representations regarding the ability of the Mislabeled Products to deliver immune-related health benefits were material to Plaintiff and members of the Class and California Subclass at the time that they purchased the Mislabeled Products.  Plaintiff and members

of the Class and California Subclass did not receive the benefit of the bargain from their purchases because they paid for products that were represented as "more like breast milk" and as providing immune-related health benefits, but the products they actually received did not. Accordingly, Plaintiff and members of the Class and California Subclass suffered injury in fact and lost money as a result of Defendant's Misrepresentations. But for Defendant's Misrepresentations, Plaintiff and members of the Class and California Subclass would not have purchased the Mislabeled Products or they would have paid less for the Mislabeled Products.

**CLASS ACTION ALLEGATIONS**

48. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Mislabeled Products for personal or household use, and not for resale or distribution. Excluded from the Class are governmental entities, Mead Johnson, and Mead Johnson's affiliates, parents, subsidiaries, employees, officers, and directors. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

49. Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased the Mislabeled Products within the state of California (the "California Subclass").

50. Members of the Class and the California Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and California Subclass number in excess of hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery of Mead Johnson's records. Class members may be notified of the pendency of this action by mail, email, and/or publication.

51. Common questions of law and fact exist as to all Class and California Subclass members and predominate over questions affecting only individual Class and California Subclass members. These common legal and factual questions include, but are not limited to:

(a) whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of the Mislabeled Products;

(b)     whether Defendant represented that the Mislabeled Products have characteristics, benefits, uses or qualities that they do not have;

(c)     whether Defendant knew or should have known that Defendant's claims regarding the Mislabeled Products, including, but not limited to, claims regarding these Mislabeled Products' effect on immunity, were false and/or misleading;

(d)     whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of the Mislabeled Products violated the laws alleged herein;

(e)     whether Defendant's conduct, as set forth herein, injured members of the Class and whether they have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be provided.

52.     Plaintiff's claims are typical of the claims of the proposed Class and California Subclass in that Plaintiff was exposed to Defendant's false, misleading, and unsubstantiated marketing and promotional materials, purchased the Mislabeled Products, and suffered a loss as a result of the purchase. Each Class and California Subclass member was subjected to the same conduct, was harmed in the same way, and has claims for relief under the same legal theories.

53.     Plaintiff is an adequate representative of the Class and California Subclass because her interests do not conflict with the interests of the Class and California Subclass members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class and California Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

54.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class and California Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial

system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

55.     Unless a class is certified, Mead Johnson will retain monies received as a result of its conduct that were taken from Plaintiff and proposed Class and California Subclass members. Unless a class-wide injunction is issued, Mead Johnson will continue to commit the violations of law alleged, and the members of the Class, California Subclass, and the general public will continue to be misled.

## COUNT I

### Violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2310, *et seq.*

56.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

57.     This Count I is brought against Defendant by Plaintiff individually and on behalf of the Class.

58.     The Mislabeled Products are consumer products as defined in 15 U.S.C. § 2301(1).

59.     Plaintiff and Class and California Subclass members are consumers as defined in 15 U.S.C. § 2301(3).

60.     Defendant Mead Johnson is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

61.     In connection with the sale of the Mislabeled Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6) in its product marketing and advertising, as well as on the Mislabeled Product labels, in the form of the Express Warranties which warrant health benefits comparable to those provided by breast milk and immune system support and development based on Defendant's proprietary blend of prebiotic ingredients.

62.     In fact, the Mislabeled Products do not provide the health benefits as warranted.

63.     By reason of Defendant's breach of the Express Warranties it has violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, thereby damaging Plaintiff and Class members.  15 U.S.C. §2301, *et seq.*

64.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's breach because:  (a) they would not have purchased the Mislabeled Products if the true facts concerning their purported health benefits had been known; (b) they paid a price premium due to Mead Johnson's misleading representations that the Mislabeled Products support the immune system of babies and toddlers; and (c) the Mislabeled Products do not perform as promised.

## COUNT II

### Breach of Express Warranty

65.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

66.     This Count II is brought against Defendant by Plaintiff individually and on behalf of the Class.

67.     Plaintiff, and each Class member, formed a contract with the Defendant at the time Plaintiff and other members of the Class purchased the Mislabeled Products.  The terms of that contract include the promises and affirmations of fact relating to the Mislabeled Products' characteristics and purported health benefits as reflected in the Misrepresentation on Defendant's product labels and through its marketing campaign, as described above.  This product labeling and advertising became part of the basis of the bargain and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other, and thus constituted an express warranty.

68.     Defendant sold the goods to Plaintiff and other Class members, who bought the goods from Defendant.

69.     Defendant breached the terms of this contract, including the express warranties, because the goods were in fact not capable of delivering immune-related health benefits, and

therefore the express warranties were false, misleading, and unsubstantiated.  As a result of this

breach, Plaintiff and the Class did not receive goods as warranted by Defendant.

70.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's

breach of contract and its warranties, because they would not have purchased the Mislabeled

Products if the true facts concerning their characteristics and benefits had been known.

## COUNT III

### Breach of Implied Warranty of Merchantability

71.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set

forth here.

72.     This Count III is brought against Defendant by Plaintiff individually and on behalf

of the Class.

73.     Defendant, through its acts and omissions set forth herein, in their sale, marketing,

and promotion of the Mislabeled Products, made representations to Plaintiff and the Class that the

Mislabeled Products provide immune-related health benefits, among other representations, as

described above.  Plaintiff and the Class bought the Mislabeled Products which are manufactured,

advertised and sold by Defendant.

74.     Defendant is a merchant with respect to the goods of this kind which were sold to

Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied

warranty that the Mislabeled Products were merchantable.

75.     However, Defendant breached that warranty implied in the contract for the sale of

goods in that the Mislabeled Products do not provide the purported immune-related and other

health benefits, as set forth in detail herein.

76.     As a result of Defendant's conduct, Plaintiff and the Class did not receive goods as

impliedly warranted by Defendant to be merchantable in that they did not conform to the promises

and affirmations made on the container or label of the goods.

77.     Plaintiff and the Class have sustained damages as a proximate result of the

foregoing breach of implied warranty in an amount to be determined at trial.

## COUNT IV

### Violation of California's Consumer Legal Remedies Act ("CLRA"),

### California Civil Code §§ 1750, *et seq.*

78.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

79.     This Count IV is brought against Defendant by Plaintiff individually and on behalf of the California Subclass.

80.     CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendant violated this provision by making the Misrepresentations about the Mislabeled Products.

81.     CLRA § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  Defendant violated this provision by making the Misrepresentations about the Mislabeled Products.

82.     CLRA § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."  Defendant violated this provision by making the Misrepresentations about the Mislabeled Products.

83.     CLRA § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  Defendant violated this provision by making the Misrepresentations about the Mislabeled Products.

84.     Plaintiff and the California Subclass members suffered injuries caused by Defendant's Misrepresentations because they would not have purchased the Mislabeled Products had they known the true facts concerning their characteristics and benefits.

85.     On or about April 5, 2012, prior to the filing of this Complaint, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).

Plaintiff sent Mead Johnson a letter via certified mail, return receipt requested, advising Mead Johnson that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiff's CLRA letter is attached hereto as Exhibit A.

86.     Wherefore, Plaintiff presently seeks only injunctive relief for these violations of the CLRA.

## COUNT V

### Violation of California's Unfair Competition Law ("UCL"),

### California Business & Professions Code §§ 17200, *et seq.*

87.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

88.     This Count V is brought against Defendant by Plaintiff individually and on behalf of the California Subclass.

89.     Defendant is subject to the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

90.     Defendant's Misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the MMWA as described herein; the CLRA as described herein; the FAL as described herein; Health & Safety Code §11333; and DSHEA and regulations promulgated thereunder, including but not limited to 21 U.S.C. §§ 321 and 343(r)(6).

91.     Defendant's Misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits.

92.     Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL by making the Misrepresentations about the Mislabeled Products.

93.     Plaintiff and California Subclass members suffered lost money or property as a result of Defendant's UCL violations because they would not have purchased the Mislabeled Products had they known the true facts concerning their characteristics and benefits.

### COUNT VI

**Violation of California's False Advertising Law ("FAL"),**

**Calif. Business & Professions Code §§ 17500, *et seq.***

94.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

95.     This Count VI is brought against Defendant by Plaintiff individually and on behalf of the members of the California Subclass.

96.      California's False Advertising Law, Bus. & Prof. Code § 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

97.      Defendant committed acts of false advertising, as defined by § 17500, by making the Misrepresentations about the Mislabeled Products.

98.      Defendant knew or should have known, through the exercise of reasonable care that its Misrepresentations about the Mislabeled Products were untrue and misleading.

99.      Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

100.     Plaintiff and the California Subclass members suffered lost money or property as a result of Defendant's FAL violations because they would not have purchased the Mislabeled Products had they known the true facts concerning their characteristics and benefits.

1

2

## **COUNT VII**

### **Unjust Enrichment / Common Law Restitution**

3       101.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set

4   forth herein.

5       102.    This Count VII is brought against Defendant by Plaintiff individually and on behalf

6   of the members of the Class.

7       103.    Plaintiff and Class members conferred benefits on Defendant by purchasing the

8   Mislabeled Products.

9       104.    Defendant has been unjustly enriched in retaining the revenues derived from

10  Plaintiff's and Class members' purchases of the Mislabeled Products.  Retention of those monies

11  under these circumstances is unjust and inequitable because Defendant misrepresented that the

12  Mislabeled Products "support your baby's developing immune system" when in fact it does not,

13  which caused injuries to Plaintiff and Class members because they would not have purchased the

14  Mislabeled Products if the true facts had been known.

15      105.    Because Defendant's retention of the non-gratuitous benefits conferred on them by

16  Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff

17  and the Class members for their unjust enrichment, as ordered by the Court.

18                                  **PRAYER FOR RELIEF**

19          WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the proposed

20  Class and California Subclass prays:  (a) for all forms of relief set forth above, (b) for an order

21  certifying the proposed Class and California Subclass and appointing Plaintiff and her undersigned

22  counsel of record to represent the proposed classes, (c) damages, restitution and/or disgorgement in

23  an amount to be determined at trial, (d) for punitive damages, (e) for costs of suit herein; (f) for

24  both pre- and post-judgment interest on any amounts awarded, (g) for payment of reasonable

25  attorneys' fees, and (h) for such other and further relief as the Court may deem proper.

26

27

28

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 27, 2012

Respectfully submitted,

**BURSOR & FISHER, P.A**

By: _____
             L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

1    I, Shenique Routé, declare as follows:

2    1.  I am a plaintiff in this action and a citizen of the State of California.  I have personal

3 knowledge of the facts stated herein and, if called as a witness, I could and would testify

4 competently thereto.

5    2.  The complaint filed in this action is filed in the proper place for trial under

6 California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business

7 in this District.

8    3.  While living in California, I purchased Enfamil PREMIUM Infant formula for

9 household consumer use.  I saw Defendant's marketing and advertising claims about Enfamil

10 PREMIUM Infant formula, including claims on the product label that it contained "Natural

11 Defense Dual Prebiotics" and that "Enfamil Infant has Natural Defense Dual Prebiotics for

12 digestive health and provides three proven benefits:  growth, brain & eye, and immune system

13 development," and I purchased Enfamil PREMIUM Infant formula in reliance on these claims.

14

15 These representations were substantial factors influencing my decision to purchase Enfamil

16 PREMIUM Infant formula.  I would not have purchased Enfamil PREMIUM Infant formula had I

17 known that it did not provide health benefits as represented.

18    I declare under the penalty of perjury under the laws of the State of California that the

19 foregoing is true and correct, executed on August _20_ , 2012 at Lakewood, California.

20

21

22

23               SHENIQUE ROUTÉ

24

25

26

27

28

**EXHIBIT A**

# BURSOR & FISHER
P.A.

1990 N. CALIFORNIA BLVD
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
TEL: 925.300.4455
FAX: 925.407.2700
ltfisher@bursor.com

April 5, 2012

*<u>Via Certified Mail – Return Receipt Requested</u>*

Mead Johnson Nutrition Company
2701 Patriot Boulevard
Glenview, Illinois 60026

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Mead Johnson Nutrition Company ("Mead Johnson") pursuant to the provisions of California Civil Code § 1782, on behalf of our client, Shenique Route, and all other persons similarly situated.

Mead Johnson has sold and continues to sell Enfamil infant formula products, which are misrepresented as containing prebiotics that provide immunity-related health benefits when in fact there is insufficient competent and reliable scientific evidence that prebiotics provide any immunity-related health benefits.  Mead Johnson makes such claims about the following products: (1) Enfamil Premium Newborn; (2) Enfamil Premium Infant; and (3) Enfagrow Premium Older Toddler Vanilla Milk Drink (hereinafter the "Mislabeled Products").

Mead Johnson has engaged in a uniform marketing and advertising program representing that the Mislabeled Products contain prebiotics that provide immunity-related health benefits to induce consumers to purchase the Mislabeled Products in reliance upon these representations.  These representations were and are prominently displayed on the labels of the Mislabeled Products and on Enfamil's various advertisements, promotional materials and product website.  Mead Johnson has misled and continues to mislead consumers into believing that the Mislabeled Products contain prebiotics that provide immunity-related health benefits to command a premium price for the Mislabeled Products, to gain market share from its competitors, and to increase its own profits.

Shenique Route is a citizen of the State of California and is a consumer as defined in California Civil Code §1761(d) in that she purchased one or more of the Mislabeled Products "for personal, family or household purposes."  Ms. Route purchased one or more of the Mislabeled Products from retail stores in California.  She saw and read Mead Johnson's misrepresentations that the Mislabeled Products contained prebiotics that provide immunity-related health benefits and relied on such misrepresentations in deciding to purchase one or more of the Mislabeled Products.  If the truth about the Mislabeled Products had been known to her, Ms. Route would not have purchased them.  Ms. Route suffered a loss of money as a result of

BURSOR&FISHER
P.A.

Mead Johnson's misrepresentations in the amount of the purchase price of the Mislabeled Products.

By misrepresenting the benefits of the Mislabeled Products, Mead Johnson has violated numerous provisions of California law including the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5), (7), and (9).

We hereby demand that Mead Johnson immediately (1) cease and desist from further sales of the Mislabeled Products, (2) issue an immediate recall of the Mislabeled Products, and (3) make full restitution to all purchasers of the Mislabeled Products of all money obtained from sales thereof.

It is further demanded that Mead Johnson preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.   All documents concerning the development and production of the Mislabeled Products;

2.   All documents concerning the advertisement, marketing or sale of the Mislabeled Products;

3.   All documents concerning the revenue generated from the sale of the Mislabeled Products; and

4.   All communications with customers concerning complaints or comments about the Mislabeled Products.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with Mead Johnson to attempt to resolve the demands asserted in this letter.  If Mead Johnson wishes to enter into such discussions, please contact me immediately.

If Mead Johnson contends that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,

L. Timothy Fisher

**EXHIBIT B**



**NUTRIENTS**
(Normal Dilution) per 100 Calories (5 fl oz)

| | | |
|---|---|---|
| **PROTEIN** | 0 | 2.5 |
| **FAT** | 0 | 5.1 |
| **CARBOHYDRATE** | g | 11.3 |
| **WATER** | 0 | 133 |
| **LINOLEIC ACID** | mg | 860 |

**VITAMINS**

| | | |
|---|---|---|
| A | IU | 300 |
| D | IU | 60 |
| E | IU | 2 |
| K | mcg | 9 |
| Thiamin (B₁) | mcg | 80 |
| Riboflavin (B₂) | mcg | 140 |
| B₆ | mcg | 60 |
| B₁₂ | mcg | 0.3 |
| Niacin | mcg | 1000 |
| Folic Acid (Folacin) | mcg | 16 |
| Pantothenic Acid | mcg | 500 |
| Biotin | mcg | 3 |
| C (Ascorbic Acid) | mg | 12 |
| Choline | mg | 24 |
| Inositol | mg | 6 |

**MINERALS**

| | | |
|---|---|---|
| Calcium | mg | 78 |
| Phosphorus | mg | 53 |
| Magnesium | mg | 8 |
| Iron | mg | 1.8 |
| Zinc | mg | 1 |
| Manganese | mcg | 15 |
| Copper | mcg | 75 |
| Iodine | mcg | 15 |
| Selenium | mcg | 2.8 |
| Sodium | mg | 40 |
| Potassium | mg | 108 |
| Chloride | mg | 75 |

**INGREDIENTS:** NONFAT MILK POWDER, VEGETABLE OIL (PALM OLEIN, COCONUT, SOY, AND HIGH OLEIC SUNFLOWER OILS), RICE STARCH, LACTOSE, MALTODEXTRIN, GALACTOOLIGOSACCHARIDES* POLYDEXTROSE* AND LESS THAN 1%: MORTIERELLA ALPINA OIL**, CRYPTHECODINIUM COHNII OIL†, CALCIUM CARBONATE, FERROUS SULFATE, ZINC SULFATE, SODIUM CITRATE, CUPRIC SULFATE, CALCIUM PHOSPHATE, MANGANESE SULFATE, SODIUM SELENITE, CHOLINE CHLORIDE, ASCORBIC ACID, NIACINAMIDE, CALCIUM PANTOTHENATE, VITAMIN D₃, RIBOFLAVIN, THIAMIN HYDROCHLORIDE, VITAMIN B₆ HYDROCHLORIDE, FOLIC ACID, VITAMIN K₁, BIOTIN, VITAMIN B₁₂, INOSITOL, VITAMIN E ACETATE, VITAMIN A PALMITATE, TAURINE, L-CARNITINE.

**Mead Johnson™**
Nutrition

©2011 Mead Johnson & Company, LLC

MEAD JOHNSON & COMPANY, LLC EVANSVILLE, IN 47721 USA

*A TYPE OF PREBIOTIC   **A SOURCE OF ARACHIDONIC ACID (ARA)   †A SOURCE OF DOCOSAHEXAENOIC ACID (DHA)

200A338

Filed by weight, not by volume; some settling may occur.

Makes approx. 91 fl oz

This exclusive formula is available only from the Enfamil® brand

3  0087 0201 42  3

Enfamil
A.R.®

NEW Formulation!
Includes Natura's Prebiotics Dual Blend

Helps Support
Triple Health Guard
Growth
Brain & Eye
Immune System

for Spit-Up
Infant Formula
Milk-Based Powder with Iron
Thickened with Added Rice Starch
for Newborns & infants 0–12 months

NET WT. 12.9 OZ (366 g)

CORTE AQUÍ PARA LEER LAS INSTRUCCIONES EN ESPAÑOL

## Enfamil A.R.® for Spit-Up

Frequent spit-up can be a common part of growing up. With Enfamil A.R. mom can reduce spit-up and be assured that her baby is getting, and keeping, all the nourishment needed for healthy growth.

• Clinically proven* to significantly reduce frequent spit-up
• More nutritionally balanced than adding rice cereal to formula
• Saves time and hassle by eliminating the step of adding rice cereal to formula
• Includes Natural Defense® Dual Prebiotics™ Blend for digestive health

*Based on a clinical study of Enfamil A.R. infant formula before the addition of DHA, ARA, and prebiotics, with infants who spit-up frequently (5 or more spit-ups per day).

[ If you have a question, we are here for you. Call us toll free: 1-800-BABY123. 8 am to 4:30 pm Monday-Saturday, Central Time. Or visit Enfamil.com ]

Experts agree on the many benefits of breast milk. If you choose to use infant formula, ask your baby's doctor about Enfamil A.R.

### INSTRUCTIONS FOR PREPARATION & USE

**Your baby's health depends on carefully following the instructions below.** Proper hygiene, preparation, dilution, use and storage are important when preparing infant formula. Powdered infant formulas are not sterile and should not be fed to premature infants or infants who might have immune problems unless directed and supervised by your baby's doctor. Ask your baby's doctor which formula is appropriate for your baby.

Ask your baby's doctor about the need to use cooled, boiled water for mixing and the need to boil clean utensils, bottles and nipples in water before use.

**1.** Wash hands thoroughly with soap and water before preparing formula

**2.** Pour desired amount of water into the bottle. Add powder.

**3.** Cap bottle and SHAKE WELL. Let settle at 5 minutes. SHAKE AGAIN.

Use the chart below for correct amounts of water and powder. Use scoop in can to measure powder. Store DRY scoop in this can.

| To Make** | Water | Powder | |
|---|---|---|---|
| 2 fl oz bottle | 2 fl oz | 1 unpacked level scoop | (9 g) |
| 4 fl oz bottle | 4 fl oz | 2 unpacked level scoops | (18 g) |
| 8 fl oz bottle | 8 fl oz | 4 unpacked level scoops | (36 g) |

**WARNING:** Do not use a microwave oven to warm formula. Serious burns may result.

*Each scoop adds 0.2 fl oz to the amount of prepared formula.

**Failure to follow these instructions could result in severe harm.** Once prepared, infant formula can spoil quickly. Either feed immediately or cover and store in refrigerator at 35-40°F (2-4°C) for no longer than 24 hours. Do not use prepared formula if it is unrefrigerated for more than a total of 2 hours. Do not freeze prepared formula. After feeding begins, use formula within one hour or discard.

**Powder Storage:** Store cans at room temperature. After opening can, keep tightly covered, store in dry area and use contents within 1 month. Do not freeze powder and avoid excessive heat.

### USE BY DATE ON BOTTOM OF CAN





The Enfamil® Staged Nutrition line is individually tailored to meet your child's changing nutritional needs.
*La línea de Nutrición de Etapas de Enfamil® está hecha individualmente para satisfacer las necesidades nutricionales variables de su niño.*

| N Through 3 months | 1 Through 12 months | 2 9 months and up | 3 1 year and up |
|---|---|---|---|
| Hasta 3 meses | Hasta 12 meses | 9 meses y mayor | 1 año y mayor |

## Nutrition Tailored for Toddlers™ / *Nutrición Hecha para Niños Pequeños™*

Enfagrow® PREMIUM™ Older Toddler has our Natural Defense® Dual Prebiotics® Blend, designed to help support digestive health, and also provides three key nutritional benefits:

*Enfagrow® PREMIUM™ Older Toddler (Niños Mayores) tiene nuestra Mezcla de Doble Prebióticos® de Defensa Natural®, diseñado para la salud digestiva y proporciona tres beneficios nutricionales claves:*



**Growth** *Crecimiento*

22 Nutrients to Support Growth
*22 Nutrientes para Apoyar el Crecimiento*

**Brain & Eye** *Cerebro y Ojos*

Experts Recommend DHA to Help Support Brain and Eye Development
*Los Expertos Recomiendan DHA para Ayudar a Apoyar el Desarrollo del Cerebro y Ojos*

**Immune System** *Sistema Inmune*

Antioxidants and Other Nutrients to Help Support the Immune System
*Antioxidantes y Otras Sustancias Nutritivas para Ayudar a Apoyar el Sistema Inmune*

**DIRECTIONS FOR PREPARATION AND USE:** Add 4 unpacked level scoops (1/3 cup, 36 g) of powder to 6 fluid ounces of water. Shake well, serve immediately. Store DRY scoop in can. **Storage/Handling:** Store powder at room temperature; avoid extreme temperatures. After opening, keep tightly closed, store in a dry area, and use contents within 1 month. **Use by date on can end.**

**INSTRUCCIONES FÁCILES PARA LA PREPARACIÓN Y EL USO:** Agregue 4 medidas rasas de polvo sin compactar (1/3 de taza, 36 g) a 6 onzas de agua. Agite bien, utilice inmediatamente. Guarde la medida SECA en la lata. **Almacenamiento/Manejo:** Guarde el polvo a temperatura ambiental; evite temperaturas extremas. Después de abrir, mantenga la tapa bien cerrada, guárdela en una área seca, y utilice el contenido dentro de 1 mes. **Use este producto antes de la fecha indicada en el extremo de la lata.**

If you have a question, we are here for you. Call us toll free: 1-800-BABY123, 8 am to 4:30 pm Monday-Saturday, Central Time. Or visit Enfagrow.com / *Si usted tiene preguntas, estamos aquí para prestarle servicios. Para llamadas gratuitas, llámenos al 1-800-222-9123, de 8 am a 4:30 pm, Hora Central, de lunes a sábado. O visítenos en: Enfagrow.com/Español*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| SHENIQUE ROUTE , individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff(s)* | ) ) ) |
| v. | ) ) |
| MEAD JOHNSON NUTRITION COMPANY, d/b/a MEAD JOHNSON & COMPANY, LLC, | ) ) ) ) |
| *Defendant(s)* | ) ) ) |

Civil Action No.  CV12-7350 GW (JEMx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Meade Johnson & Company, LLC
2701 Patriot Boulevard, Fourth Floor
Glenview, Illinois  60026

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone:  (925) 300-4455

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  8-27-12

CHRIS SAWYER

*Signature of Clerk or Deputy Clerk*

1149

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHENIQUE ROUTE, individually and on behalf of all others similarly situated

**DEFENDANTS**
MEAD JOHNSON NUTRITION COMPANY, d/b/a MEAD JOHNSON & COMPANY, LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
L. Timothy Fisher (SBN 191626), Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940, Walnut Creek, CA 94596
Telephone: (925) 300-4455

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 2301 et. seq. - Magnuson-Moss Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☑ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-7350

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s) _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
      ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Shenique Route, Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
      ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Meade Johnson Nutrition Company, dba Mead Johnson & Company, LLC, Illinois |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  August 27, 2012

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
    or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
    but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |