UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-7350-GW(JEMx) | Date | February 21, 2013 |
| Title | *Shenique Route v. Mead Johnson Nutrition Company* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Lawrence T. Fisher  Anthony J. Anscombe

**PROCEEDINGS:** **DEFENDANT MEAD JOHNSON & COMPANY, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (filed 12/10/12);**

**DEFENDANT MEAD JOHNSON & COMPANY, LLC'S MOTION TO STRIKE (filed 12/10/12)**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motions are **GRANTED WITH LEAVE TO AMEND**. Plaintiff will have until March 14, 2013 to **manually** file a Second Amended Complaint.

: 07

Initials of Preparer  JG

*Routé v. Mead Johnson Nutrition Co.*, Case No. CV-12-7350-GW(JEM)
Tentative Ruling on Motion to Dismiss and Motion to Strike

## I. Background

Plaintiff Shenique Routé ("Plaintiff") filed a class action lawsuit against defendant Mead Johnson Nutrition Co., d/b/a Mead Johnson & Co., LLC ("Defendant") on August 27, 2012, and in her First Amended Complaint ("FAC," Docket No. 27), she asserts five claims on a classwide basis: (1) violation of the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2310 *et seq.*, (2) breach of express warranty, (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and (5) violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq. See generally* FAC.

All of these claims arise out of Plaintiff's allegations that Defendant "falsely and misleadingly represent[ed] on product labels and in its nationwide marketing and advertising campaigns that [certain baby food products] contain a trademarked blend of prebiotics that provide digestive health benefits and immunity-related health benefits for infants and young children like breast milk does." FAC ¶ 1. Plaintiff also alleges that "even if Defendant's false advertising claims about the health benefits from prebiotics in infant formula were truthful and not misleading (which they are not), the [challenged products] do not contain *enough* of the prebiotic ingredients to effect the advertised health benefits[.]" FAC ¶ 2 (emphasis added).[1]

The labels of the baby food products (the "Products") at issue here[2] allegedly "prominently feature[] in large conspicuous writing the phrase 'Natural Defense Dual Prebiotics.'" FAC ¶ 4. Plaintiff also challenges, *inter alia*, Defendant's representations on the Products' labels that "emerging science suggests that prebiotic may support your baby's developing immune system," and that Defendant represents that the products are "designed to act more like breast milk[.]" FAC ¶ 3. Those and similar labels, Plaintiff alleges, are likely to deceive reasonable consumers as to whether the products are "effective to provide scientifically proven health benefits similar to human breast milk." FAC ¶ 5. The *exclusive* scientific basis for Plaintiff's claims that the labels are deceptive is a monograph published by Defendant in 2009 (the "Monograph"), which Plaintiff alleges "indicates that there is no established direct or indirect relationship between the use of prebiotics in infant nutrition and immune system benefits for infants." FAC ¶ 7.[3] Plaintiff also alleges that unidentified "experts agree that breast milk is

---

[1] While of limited legal import at this procedural juncture, the Court notes that these two allegations do not sit easily together, and Defendant's analogy to the famous quote from Woody Allen's *Annie Hall* is in some ways apt: "The food at this restaurant is terrible - and such small portions!" *See* Docket No. 37 at 4 n.5.

[2] The specific products challenged by this suit are Enfamil Premium Newborn Formula, Enfamil Premium Infact Formula, Enfamil A.R. for Spit-Up Infant Formula, and Enfamil Premium Older Toddler Vanilla Milk Drink. FAC ¶ 1.

[3] Defendant requests that the Court consider the complete copy of the Monograph it submitted as Exhibit 1

immeasurably superior to baby formula in terms of infant nutrition and other health benefits." FAC ¶ 9.

Before the Court now are Defendant's motion to dismiss the FAC and motions to strike certain allegations therein. *See generally* Docket Nos. 32, 33.

## II. Legal Standard

### A. Rule 12(b)(6)

Plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 558-59; *see also William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *See Barker v. Riverside Cnty. Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Rule 12(f)

Fed. R. Civ. P. 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *See also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). However, if a Rule 12(f) argument is simply that a form of relief is "precluded as a matter of law," the proper motion is not a Rule 12(f) motion, but a Rule 12(b)(6) or Rule 56 motion. *Whittlestone*, 618 F.3d at 974-75.

---

to the Declaration of Anthony Anscombe, Docket No. 32-3, which the Court may do, given that the Monograph is clearly an extrinsic document on "which plaintiff's claim depends." *See Knievel*, 393 F.3d at 1076. Plaintiff does not dispute the authenticity of the version of the Monograph Defendant submitted to the Court.

### III. Analysis
#### 1. *Standing Concerns*

As an initial matter, Defendant accurately notes that the FAC alleges that named Plaintiff Shenique Routé bought only one of the four Products challenged in the suit: Enfamil Premium Infant Formula. FAC ¶ 16. Defendant thus moves to strike all allegations concerning products other than those Plaintiff herself purchased, given the typicality and commonality requirements of Fed. R. Civ. P. 23. While the Court would find that the pleading stage is a premature juncture to consider arguments as to class certification, the issue of what products Plaintiff purchased is highly relevant to Plaintiff's standing, which, as a component of this Court's subject matter jurisdiction, is a matter the Court may raise *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action"); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (a challenge to standing under Article III "pertain[s] to a federal court's subject-matter jurisdiction").

This Court very recently considered the identical issue in another consumer labeling case (not involving either party in the case at bar), and determined that a proposed class representative may not seek to represent a class claim arising out of products she herself never purchased, as that plaintiff has only suffered an injury (if at all) with regard to those products she did purchase:

> Having admittedly not purchased three of the four sunscreen products at issue in this case, Plaintiff cannot have suffered any injury in fact with respect to those products, and therefore lacks Article III standing in that regard. Plaintiff argues that Defendant advances a class certification-stage argument in a motion to dismiss addressing standing, but it is Plaintiff that confuses the standards. Whether or not all four products share things in common for purposes of demonstrating commonality, typicality or predominance is effectively irrelevant to the question of whether Plaintiff herself has suffered an injury in fact with regard to all four products. She has not. She purchased only one, and may therefore maintain this action only with respect to that product. *See Red v. Kraft Foods, Inc.*, CV 10-1028-GW (AGRx), (C.D. Cal. Apr. 12, 2012), Docket No. 212, at 2 n.2; *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001); *cf. Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-61 & n.4 (9th Cir. 2009). The case is dismissed except as to the product Plaintiff purchased (though the Court might inquire as to whether Plaintiff's counsel has other potential class representatives ready to join the action as to the other products).

*Contreras v. Johnson & Johnson Consumer Cos., Inc.*, Case No. 12-CV-7099-GW (C.D. Cal. Nov. 29, 2012), Docket No. 19 at 2-3. Plaintiff has provided no binding authority that would compel a contrary result in this case. The Court would thus find that dismissal is warranted as to all claims arising out of representations concerning any product besides Enfamil Premium Infant Formula, and the dismissal would likely be with prejudice unless Plaintiff indicates at oral argument that she can *promptly* join additional class representatives to pursue the claims based

on products Plaintiff never purchased.[4]

In sum, while the Court would in substance DENY Defendant's motion to strike the allegations concerning products Plaintiff never purchased, given the limited scope of a motion to strike as set forth by the Ninth Circuit in *Whittlestone*, 618 F.3d at 974-75, and instead construes the argument as brought pursuant to Fed. R. Civ. P. 12(b)(1), and thus DISMISSES the claims to the extent they arise out of labels and advertising related to products Plaintiff never purchased. Whether the dismissal would be with or without prejudice would depend on Plaintiff's ability to amend the complaint along the lines noted in footnote 4, *supra*.

### 2. The Court Would GRANT WITHOUT PREJUDICE Defendant's Motion to Dismiss Plaintiff's Claims As They Allege Only a Lack of Substantiation for Defendant's Representations.

Defendant first moves to dismiss all of Plaintiff's claims insofar as they are based on an alleged lack of scientific substantiation concerning Defendant's representations about the Products' health benefits. Defendant is undoubtedly correct that Plaintiff may not base her claims on any purported lack of substantiation, and one district court recently summarized the issue:

> In an action for false advertising under the UCL and CLRA, the plaintiff "bears the burden of proving the defendant's advertising claim is false or misleading." . . . Private individuals may not bring an action demanding substantiation for advertising claims. Instead, pursuant to Cal. Bus. & Prof. Code § 17508, only prosecuting authorities may require an advertiser to substantiate its advertising claims. . . . The purpose of allowing only prosecuting authorities, and not private persons, to seek substantiation of advertising claims under Cal. Bus. & Prof. Code § 17508 is to "prevent undue harassment of advertisers" and provide "the least burdensome method of obtaining substantiation for advertising claims ."

*Stanley v. Bayer Healthcare LLC*, No. CV 11-862-IEG(BLM), 2012 U.S. Dist. LEXIS 47895, at *9-10 (S.D. Cal. Apr. 3, 2012) (citations omitted); *see also Chavez v. Nestle USA, Inc.*, No. CV 09-9192-GW(CWx), 2011 U.S. Dist. LEXIS 58733, at *13-15 (C.D. Cal. May 19, 2011) (dismissing plaintiff's UCL and FAL claim because the "primary focus of the [complaint] is now, unarguably, on a supposed lack of substantiation for the advertised attributes of the nutrients contained in the Brain Development and Immunity products.").[5]

Plaintiff's original Complaint was replete with allegations that the benefits of the

---

[4]Although not raised by any party, there might be a basis wherein Plaintiff could have standing as to all four products even though she only actually purchased one. If all four products (1) contained the same controverted ingredient in the same amount, (2) were subject to the same advertisement campaign and same representations, and (3) the only differences between the products were not germane to Plaintiff's claims (*i.e.* the products only differed in terms of flavor), then an argument could be made that the four products were identical for purposes of this lawsuit.

[5]Plaintiffs in the *Nestle* case have appealed the above-cited order, and the Ninth Circuit is set to hear oral argument in the matter within the next few weeks.

Products due to their prebiotic ingredients were unsubstantiated. *See, e.g.*, Compl. ¶ 31, Docket No. 1 ("There is no competent or credible evidence that the Mislabeled Products support or benefit a baby's immune system."). After the parties conducted a substantial meet and confer session concerning the original Complaint, though, such allegations were excised in Plaintiff's FAC, which alleges that the challenged representations are false and/or misleading, not merely unsubstantiated. *See generally* FAC; Docket No. 32-1 at 13. Defendant argues that Plaintiff's theory of the case remains a lack of substantiation, even if the words of the FAC formally allege falsity, given that the only facts pled as to the alleged falsity of the claims is the existence of the Monograph. The Monograph, Defendant persuasively argues, does not in any fashion indicate that the representations on the Products' labels are false, but instead cites studies both indicating that there are genuine health benefits to prebiotics, and, studies reaching the contrary conclusion. *See* Docket No. 32-1 at 8-10 (citing relevant portions of the Monograph). In other words, Defendant argues first that Plaintiff must allege that the representations are false, not just unsubstantiated, and then argues that Plaintiff has failed to do so given that the Monograph is her only factual support for the alleged falsity, and the Monograph in fact does not indicate that the representations are false.

    Plaintiff admits that she cannot state any claim based on a lack of substantiation, and contends that her claims are not brought on that basis but instead claims that the "FAC clearly, repeatedly and specifically alleges" that Defendant's representations are false. Docket No. 34 at 3. More specifically, while admitting that the Monograph is the sole factual basis pled for such falsity, she argues that the Monograph can, in fact, support her claims, because it "discusses at least one study" demonstrating that prebiotics have no healthful effect, and also "suggests that there is no *critical* association" between prebiotics and immune system health." FAC ¶¶ 6-7, 31 (emphasis added). While the Court declines to conduct an exhaustive summary of the Monograph, the Court would find that Plaintiff has obviously cherry-picked all of the most negative language from the Monograph that could potentially support her claims, and has ignored the fact that the Monograph considers, as surely most reputable scientific writings do, the evidence and studies supporting both positions as to the hypothesis of whether prebiotics have any healthful effect. Plaintiff's cited authorities are thus utterly inapposite, as she posits that courts often decline to dismiss false advertising claims if the Plaintiff has actually provided scientific, factual bases for their false advertising claims. *See* Docket No. 34 at 6-7 (citing, *inter alia*, *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 994 (C.D. Cal. 2012) (denying motion to dismiss Plaintiff's false advertising claims because Plaintiff's complaint "cited clinical cause and effect studies" demonstrating that the representations were false)).

    Unless Plaintiff can amend her complaint so as to provide additional, specified factual basis for her claims that Defendant's representations about prebiotics are false, her claims fail as a matter of law. *See Fraker v. Bayer Corp.*, No. CV F 08 - 1564 AWI GSA, 2009 U.S. Dist. LEXIS 125633, at *9-10 (C.D. Cal. Oct. 6, 2009) (dismissing plaintiff's false advertising claim alleging only that defendant had "no reasonable basis, consisting of competent and reliable scientific evidence to substantiate" its health-benefit claim concerning a multivitamin). Merely cherry-picking convenient portions of the Monograph will not be sufficient to support any of Plaintiff's claims. Nor will merely alleging that unidentified experts or studies have demonstrated that Defendant's representations are false suffice to render Plaintiff's claims viable. To

hold otherwise would permit false advertising claims to move forward based on allegations that (1) one paper discusses both the evidence supporting the advertisement's claims and the evidence that doesn't support it, (2) unidentified experts and studies have shown that the advertisement's claims are false, and (3) Plaintiff subjectively believes that the advertisement's claims are false. California law simply does not permit such claims. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1342 (2003) ("Prosecuting authorities, but not private plaintiffs, have the administrative power to request advertisers to substantiate advertising claims"); *see also Stanley*, 2012 U.S. Dist. LEXIS 47895, at *12 ("the alleged lack of substantiation does not render claims false and misleading under the UCL or CLRA.").[6] The Court would thus GRANT WITHOUT PREJUDICE Defendant's motion to dismiss all of Plaintiff's claims.

Given that Plaintiff will have an opportunity to amend her FAC to attempt to cure this deficiency, the Court will also consider the other arguments raised by Defendant's motions. However, the Court would decline at this time to address in any further detail Defendant's arguments that (1) Plaintiff's UCL, FAL or CLRA claim for failure to plead facts necessary to show that a reasonable consumer is likely to be deceived (*see* Docket No. 32-1 at 19-20), or (2) Plaintiff's allegations do not meet the requirements necessary for a viable UCL claim under the "unfair" prong of the statute, given that those two arguments are in substance identical to those discussed above. Defendant is free to raise these arguments again in subsequent motions to dismiss Plaintiff's anticipated amended pleading.

### 3. *The Court Would GRANT, WITHOUT PREJUDICE, Plaintiff's Claim Arising Under the Magnuson Moss Warranty Act.*

The Magnuson Moss Warranty Act ("MMWA") creates a civil cause of action for consumers to enforce the terms of implied or express warranties. 15 U.S.C. § 2310(d). An aggrieved consumer may sue to enforce rights under the MMWA in state court, *see* 15 U.S.C. § 2310(d)(1)(A), or federal court, *see* 15 U.S.C. § 2310(d)(1)(B). "However, [a federal court's] jurisdiction with regards to claims brought under the [Magnuson] Act is limited: a federal court cannot hear such claims brought as part of a class action if 'the number of *named* plaintiffs is less than one hundred." *Khasin v. Hershey Co.*, No. CV 12-01862-EJD, 2012 U.S. Dist. LEXIS 161300, at *24 (N.D. Cal. Nov. 9, 2012) (emphasis added) (quoting 15 U.S.C. § 2310(d)(3)(C)). Here, Ms. Routé is the only named Plaintiff. *See generally* FAC. In addition, the statute requires that the amount in controversy for any individual claim is over $25, *see* 15 U.S.C. §

---

[6] Plaintiff may, at the hearing, protest that the FAC also references the American Academy of Pediatrics ("AAP"), but that institution is only discussed insofar as it allegedly "recommends breast milk as the *main* source of a baby's nutrition for the first six months of its life." FAC ¶ 24 (emphasis added). The FAC does not allege that Defendant has ever denigrated the benefits of breast milk as compared to its own products, or has ever represented to consumers what proportion of a baby's nutrition should come from its own products versus breast milk. Indeed, the FAC contains the legal conclusion that "[b]ecause experts unanimously agree that breast milk is simply best for infants, it is deceptive for Defendant to market the [Products] as a near-equivalent of breast milk." FAC ¶ 25. First of all, the FAC contains no factual allegations that Defendant actually markets the Products in such a manner. Moreover, it appears that Plaintiff would have this Court find that anytime baby formula is advertised as providing health benefits analogous to those found in breast milk, the advertisement is misleading. This surely cannot be.

2310(d)(3)(A), which is potentially insufficiently alleged here, *see* FAC ¶ 16 (indicating that the products did not cost, in total, more than $100).

However, as Plaintiff notes, the weight of the caselaw indicates that " where the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson-Moss Warranty Act." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 954 (C.D. Cal. 2012) (listing a plethora of cases finding CAFA jurisdiction sufficient to permit a court to adjudicate a MMWA claim despite the fact that the jurisdictional requirements of the MMWA, 15 U.S.C. § 2310(d), were not met). Thus, the Court would DENY Defendant's motion to dismiss Plaintiff's MMWA claim on jurisdictional grounds.

However, Defendant also raises a persuasive substantive argument as to why dismissal of the MMWA claim is warranted. In order to state a claim under the MMWA, Plaintiff must allege that Defendant has issued a written warranty as defined by that statute. The MMWA defines a warranty as:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and **affirms or promises** that such material or workmanship is **defect free** or **will meet a specified level of performance over a specified period of time**, or
>
> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to **refund, repair, replace, or take other remedial action** with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking.

15 U.S.C. § 2301(6) (emphasis added). As noted by Defendant, the FAC fails to identify any warranties issued by Defendant, according to this definition. There are no allegations that Defendant has promised any specific performance over any specific time period, or has promised any refunds or remedies. Nor are there any allegations that Defendant has promised a defect-free product. Plaintiff argues that the label's representation that the Products are "designed to act more like breast milk" and announcement that the Product has "Natural Defense Dual Prebiotics" constitute written warranties that the Products are defect free and will perform in a specified way over a specified period of time. *See* Docket No. 34 at 13-14. This argument fails on its face. In short, Plaintiff's MMWA claim fails as a matter of law as she has failed to identify any written warranty, as defined under the statute. *See Hairston v. S. Beach Beverage Co., Inc.*, No. CV 12-1429-JFW(DTBx), 2012 U.S. Dist. LEXIS 74279, at *18-19 (C.D. Cal. May 18, 2012) (dismissing **with prejudice** Plaintiff's MMWA claim as a matter of law because "[the defendant's product] label fails to meet the definition of 'written warranty' under Section 2301(6)(A) of the MMWA because the label neither promises a defect-free product, nor guarantees a level of performance over a specific time period. The challenged statements - 'all natural with vitamins' and the names of various Lifewater flavors - are 'product descriptions' rather than promises that Lifewater is defect-free, or guarantees of specific performance levels.").

The Court would thus GRANT Defendant's motion to dismiss the MMWA claim, though

it would do so WITHOUT PREJUDICE so as to provide Plaintiff's one more opportunity to amend the FAC so as to allege a written warranty actionable under the MMWA.

### 4. *Defendant's Motion to Strike Request for Certification of Nationwide Class*

Plaintiff seeks certification of a nationwide class for her MMWA claim and breach of express warranty claims, as well as a California subclass for her UCL, FAL and CLRA claims. As concerns the MMWA claim, the Court has already found that dismissal is warranted, and has provided Plaintiff leave to amend only on the restrictive basis set forth above, so the Court would not evaluate at this juncture whether a nationwide class could be certified in the event Plaintiff is able to state a claim under that statute. As to the breach of express warranty claim, Defendant argues that the caselaw forecloses, as a matter of law, the certification of any nationwide claim. Docket No. 33-1 at 8-14. Defendant cites the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), which applied California's choice of law rules to find that a proposed nationwide class should not be certified as to the plaintiffs' UCL, FAL and CLRA claims, due to the fact that differences in state consumer protection laws precluded a finding of commonality pursuant to Fed. R. Civ. P. 23. *Id.* at 594 (reversing certification of nationwide class because "[u]nder the facts and circumstances of this case, we hold that each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."). Defendant then persuasively cites a Southern District of Ohio case that granted the defendant's motion to strike nationwide class allegations, applying *Mazza* and California's choice of law rules to hold that no nationwide class could be certified as to a California breach of express warranty claim, *i.e.* the exact same nationwide class claim Plaintiff asserts here. *See generally Rikos v. Procter & Gamble Co.*, No. CV 11-226, 2012 U.S. Dist. LEXIS 25104 (S.D. Ohio Feb. 28, 2012). The *Rikos* court's well-reasoned opinion is directly applicable to the case at bar.

Plaintiff first argues that the Court should defer ruling on this issue until the class certification stage, but this argument fails to acknowledge that where the matter is sufficiently obvious from the pleadings, a court may strike class allegations. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011) (affirming district court's grant of motion to strike nationwide class allegations and noting "[t]hat the motion to strike came before the plaintiffs had filed a motion to certify the class does not by itself make the court's decision reversibly premature."); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (finding that defendant's motion to strike nationwide class allegations was "not premature") (citing *Gen'l Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). More substantively, Plaintiff argues that Defendant over-reads *Mazza*, which specified that the "facts and circumstances" of that case, developed through discovery, were instrumental to its holding. 666 F.3d at 594. However, considering California's choice of law rules as applied in *Mazza*, Plaintiff has failed to rebut Defendant's argument (as endorsed in the *Rikos* case) that it is clear from the pleadings that application of California law to a nationwide class would be inappropriate here.

*Mazza* summarized California's choice of law rules in the context of a motion seeking certification of a nationwide class action:

> Under California's choice of law rules, the class action proponent bears the initial burden to show that California has

> "significant contact or significant aggregation of contacts" to the claims of each class member. . . . Such a showing is necessary to ensure that application of California law is constitutional. . . . Once the class action proponent makes this showing, the burden shifts to the other side to demonstrate "that foreign law, rather than California law, should apply to class claims."
>
> California law may only be used on a classwide basis if "the interests of other states are not found to outweigh California's interest in having its law applied." . . . To determine whether the interests of other states outweigh California's interest, the court looks to a three-step governmental interest test:
>
>> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.
>>
>> Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.
>>
>> Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

666 F.3d at 589-90 (citations omitted). Here, Defendant persuasively argues that "the State of California has no connection to this case at all, other than its interest in product sales to California residents," and further notes that the transactions forming the subject of the express warranty claims took place in all fifty states. Docket No. 36 at 6. At oral argument, Plaintiff may argue that adjudication of whether a nationwide class could be certified here should be delayed until the class certification stage, if she plans to allege further connections to California in an amended pleading than is currently alleged in the FAC. Otherwise, the Court cannot see how Plaintiff could ever demonstrate that, according to California's choice of law rules as set forth in *Mazza*, certification of a nationwide class could be certified here.

While the Court would discuss the matter with the parties at the hearing and may well decline to rule on the issue at this procedural juncture, especially given that all of Plaintiff's claims will likely be dismissed with leave to amend as set forth above, the Court would consider GRANTING

Defendant's motion to strike Plaintiff's request for certification of a nationwide class.

## IV. Conclusion

The Court would GRANT Defendant's motion to dismiss the FAC to the extent set forth above, and would likely GRANT Defendant's motion to strike Plaintiff's nationwide class allegations.